IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN CASING & EQUIPMENT, INC.,<br><br>　　　　Defendant. | Civil Action No. _____<br><br>**C O M P L A I N T**<br><br>**Jury Trial Demanded** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices and to provide appropriate relief to Matthew Clark ("Clark") who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that American Casing & Equipment, Inc. ("Defendant") discriminated against Clark when it subjected him to harassment based on his race, Asian, and national origin, Filipino. The EEOC further alleges that Defendant terminated Clark's employment in retaliation for his complaints about the harassment in violation of Section 703(a), 42 U.S.C. §2000e-2(a) and 704(a), 42 U.S.C. §2000e-3(a).

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-

1

5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of North Dakota.

PARTIES

3.  Plaintiff EEOC is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant has continuously been a North Dakota corporation doing business in the State of North Dakota and the City of Williston.  Defendant has continuously had at least 15 employees.

5.  At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b) (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Matthew Clark filed a charge with the EEOC alleging violations of Title VII by Defendant.

7. On November 10, 2014, the EEOC issued to Defendant a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Clark in violation of Title VII by subjecting him to harassment based on his race and national origin, and terminating his employment in retaliation for his complaints about the harassment.  The EEOC invited Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The EEOC engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination. The EEOC and Defendant engaged in conciliation discussions from December 2014 through April 2015.

9. The EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC and on May 11, 2015, the EEOC issued to Defendant a Notice of Failure of Conciliation.

10. All conditions precedent to the institution of this suit have been fulfilled.

11. Defendant is an oilfield service company headquartered in Williston, ND. Defendant provides services to customers in North Dakota, South Dakota, Montana and Wyoming.

12. Since at least December 2012, Defendant engaged in unlawful employment practices at its facility in Williston, ND in violation of Section 703(a), 42 U.S.C. §2000e-2(a) and 704(a), 42 U.S.C. §2000e-3(a) by subjecting Clark to harassment based on his race, Asian, and national origin, Filipino. Defendant also terminated Clark's employment in retaliation for his complaints about the harassment.

13. Clark worked for Defendant at its Williston, ND location from November 2012 to January 2014 as a rat hole hand/laborer.

14. Clark was subjected to harassment based on his race and national origin by a white manager who frequently called Clark a "non-white motherfucker" and a "non-white guy." The manager also called Clark slurs such as "spic," "nigger," "monkey" and "ape." In addition to the derogatory comments, the harassment was physical including an incident

where the manager yelled at Clark and called him a "nigger" while jabbing his finger in Clark's stomach and chest.

15. The harassment also involved an incident in late June or early July 2013 where the manager urinated on Clark's legs while he was working under a truck in Defendant's shop.

16. The harassment was witnessed by Clark's supervisor, but no action was taken to stop or prevent the harassment. Clark also complained about the conduct to his supervisor, but no action was taken to stop the harassment.

17. Clark complained about the racial and national origin harassment to Defendant's safety manager on January 23, 2014. In addition, Clark submitted a written complaint about the discrimination on January 24, 2014.

18. On January 25, 2014, Defendant terminated Clark's employment in retaliation for his complaints of discrimination. Defendant's reasons for the termination are pretext for discrimination.

19. The effect of the practices complained of in paragraphs 11-18 above, has been to deprive Clark of equal employment opportunities and otherwise adversely affect his status as an employee because of his race, Asian, and national origin, Filipino, and in retaliation for opposing race discrimination.

20. The unlawful employment practices complained of in paragraphs 11-18 above were and are intentional.

21. The unlawful employment practices complained of in paragraphs 11-18 above were done with reckless indifference to the federally protected rights of Clark.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against an employee based on the employee's race, national origin and/or retaliation.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Asian and Filipino employees, and employees who report complaints of discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Clark by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, reinstatement, front pay in lieu of reinstatement, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 11-18 above.

D. Order Defendant to make whole Clark by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 11-18 above, including medical expenses, and retirement or pension contributions not covered by Defendant's employee benefit plan, in amounts to be determined at trial.

E. Order Defendant to make whole Clark by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 11-18 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.  Order Defendant to pay Clark punitive damages for its malicious and reckless conduct, as described in paragraphs 11-18 above, in amounts to be determined at trial.

    G.  Grant such further relief as the Court deems necessary and proper in the public interest.

    H.  Award the EEOC its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    P. DAVID LOPEZ
    General Counsel

    JAMES LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    U.S. EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    131 M Street, N.E.
    5th Floor
    Washington, D.C.  20507


    /s/ John C. Hendrickson
    John C. Hendrickson
    Regional Attorney


    /s/Jean P. Kamp
    Jean P. Kamp
    Associate Regional Attorney


    /s/ Tina Burnside
    Tina Burnside (WI Bar No. 1026965)
    Senior Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, Minnesota  55401
Telephone:  (612) 335-4074
Facsimile:   (612) 335-4044
tina.burnside@eeoc.gov