# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) ) ) | **ORDER** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| American Casing & Equipment, Inc., | ) ) | Case No. 4:15-cr-066 |
| Defendant. | ) | |

The Equal Employment Opportunity Commission (EEOC) initiated the above-entitled Title VII action as a result of Matthew Clark's ("Clark") discrimination charge and its subsequent finding that there was probable cause to believe that defendant had unlawfully discriminated against Clark.

On August 3, 2015, Clark filed a "Motion to Intervene as Plaintiff." He avers that he had an unconditional right to intervene in this matter. See Fed. R. Civ. P. 24; 42 U.S.C. § 2000e-5(f)(1) and (3); see also EEOC v. Woodman of World Life Ins. Co., 479 F.3d 561, 569 (8th Cir. 2007) ("Title VII explicitly preserves the employee's unconditional right to vindicate her own interests by intervening in the EEOC's enforcement action."); but see E.E.O.C. Air Ex. Intern., USA, Inc., No. 3:11–CV–2581–L, 2011 WL 6409121, at * 3 (N.D. Tex. Dec. 21, 2011) ("While Title VII grants the charging or aggrieved party a right to intervene, such right is not absolute or unconditional. "[T]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision." 42 U.S.C. § 2000e–5(f)(1). As Defendant is not such an entity, Movants do not have an unconditional right to intervene.")

1

There being no objection from either the EEOC or defendant, the court **GRANTS** Clark's motion (Docket No. 11).  Clark shall file his complaint with the court by August 28, 2015.

**IT IS SO ORDERED.**

Dated this 20th day of August, 2015.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court